**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT BAILEY ANDERSON, | No. 16-35623 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05286-BHS |
| v. | |
| CS JAMES JOLLY, SCCC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Washington state prisoner Scott Bailey Anderson appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and due process claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Anderson's retaliation claim because Anderson failed to raise a genuine dispute of material fact as to whether there was an absence of legitimate correctional goals for defendants' conduct. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[A] successful retaliation claim requires a finding that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." (citation and internal quotation marks omitted)); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (preserving institutional order and discipline are legitimate penological objectives).

The district court properly granted summary judgment on Anderson's due process claim because Anderson did not raise a genuine dispute of material fact as to whether his security-level reclassification and move to a different prison implicated a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding that a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

**AFFIRMED.**

16-35623